# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0624V
### UNPUBLISHED

|  |  |
|---|---|
| EMILEE PLETCHER, | Chief Special Master Corcoran |
| Petitioner, | Filed: August 31, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Anne Carrion Toale, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On May 20, 2020, Emilee Pletcher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination received on December 17, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 31, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner's alleged injury is consistent with SIRVA, as defined on the Vaccine Injury Table. Specifically, petitioner had no history of

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pain, inflammation or dysfunction in her left shoulder, her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms." *Id.* at 6. Respondent further agrees that "petitioner has satisfied the statutory requirement that petitioner's injury lasted for at least six months, or resulted in 'inpatient hospitalization and surgical intervention . . . . [and] has satisfied all legal prerequisites for compensation under the Act." *Id.* at 6-7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master